

Ross J. Switkes
Associate
Direct 973-323-8671
rswitkes@trenklawfirm.com

427 Riverview Plaza
Trenton, New Jersey 08611

P: 609-695-6070
F: 609-695-6071

September 17, 2015

Client No. 4361-0010

**Via ECF & Facsimile (212-805-7986)**
Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

    Re:    **International Trade Finance, LLC v. BAC Sales, Inc., et al.**
            **Civil Action No. 1:15-cv-05615**
            **Request for Pre-Motion Conference**

Dear Judge Gardephe:

       This firm represents Plaintiff International Trade Finance, LLC (the "Plaintiff") in the above-referenced matter. In accordance with Your Honor's Individual Rules of Practice, the Plaintiff respectfully requests a pre-motion conference in anticipation of filing a motion to dismiss the counterclaims asserted by Defendant BAC Sales, Inc. ("BAC") pursuant to FRCP 12(b).

## Factual Background

       On or about January 21, 2014, Plaintiff entered into a commercial security agreement (the "Security Agreement") whereby Plaintiff agreed to provide purchase order financing to Defendant Swiss Grills International, LLC ("Swiss") (with BAC, collectively, the "Defendants") in exchange for an assignment of all goods and accounts receivable of Swiss. Pursuant to the Security Agreement, Plaintiff acquired an assignment of all accounts and rights to receive payment on Swiss invoices, which were generated pursuant to certain vendor agreements between BAC and Swiss.

       Thereafter, on or about January 28, 2014, Plaintiff filed a UCC-1 financing statement against all assets of Swiss, thereby perfecting its security interest in such assets.

       On or about November 4, 2014, BAC issued purchased order P1064360 to Swiss. Pursuant to the purchase order, BAC agreed to purchase goods from Swiss. On or about November 26, 2014, pursuant to the Security Agreement, and instructions of Swiss, Plaintiff remitted payment to suppliers of Swiss for the goods ordered by BAC for delivery by Swiss. On or about May 12, 2015, Swiss delivered goods valued at approximately $257,679 (the "Goods") to BAC relating to Purchase Order P1064360. BAC accepted the delivered Goods.

On or about May 21, 2015, Swiss sent invoice number 3106 to BAC for payment of the Goods. Pursuant to the invoice, payment was due on June 25, 2015. Swiss also presented BAC a credit memo for prior transactions. The credit memo reflected that the net amount due from BAC was and remains $232,668.98.

On or about June 18, 2015, Plaintiff notified BAC of Swiss' assignment of accounts to Plaintiff and Plaintiff's right to receive all payments on accounts receivable billed by Swiss to BAC (the "Notice of Assignment"). Thereafter, on or about June 24, 2015, one day before payment was due for the goods, BAC informed Plaintiff that payments on the Swiss accounts assigned to Plaintiff would not be forthcoming because a Swiss warranty telephone line was not being answered and because Swiss had a management change.[1]

In its answer to the Complaint (as defined below), BAC admits that it has sold some of the Goods to third parties. The value of the Goods sold is at least $48,384.26. BAC has received payment for the Goods it has sold. On June 25, 2015, BAC informed Plaintiff that BAC currently has Swiss products in stock with a value of $209,294.74.

Over the more than two (2) months while BAC failed and/or refused to pay its invoice, BAC has repeatedly threatened to return the remaining portion of the Goods in its possession, but has never taken this action and, as set forth herein below, its legal authority for doing so is questionable at best. To date, there remains due and owing from BAC and/or Swiss to Plaintiff no less than $232,668.98 on the accounts assigned to Plaintiff pursuant to the Security Agreement.

On July 16, 2015, Plaintiff filed a complaint against the Defendants. On July 21, 2015, Plaintiff filed an amended complaint (the "Complaint"). The Complaint contains seven (7) counts alleging breach of contract against BAC, action for goods and services rendered against BAC, action for money had and received against BAC, unjust enrichment against BAC, action for accounting against BAC, breach of contract against Swiss, and unjust enrichment against Swiss.

On August 11, 2015, BAC filed an answer, cross-claims, and counterclaims. BAC alleges two (2) counterclaims (the "Counterclaims") against Plaintiff.

BAC's first Counterclaim alleges, to paraphrase, that (i) when Plaintiff filed the Complaint, it was aware that BAC was attempting to return goods that were unsalable because they were received "too late" from Swiss; (ii) Plaintiff is somehow preventing the return of the Goods and refuses to accept the Goods back; (iii) Plaintiff is improperly seeking payment from BAC for an obligation owed by Swiss; (iv) this action arose because Plaintiff refused to permit the return of the Goods; (v) Plaintiff has issued process without justification of excuse; (vi) Plaintiff, as assignee for Swiss, is intentionally preventing the return of Goods so that it can obtain money from BAC, rather than Swiss; (vii); the attempt to collect from BAC is a collateral purpose outside the legitimate ends of the litigation; (viii) it is against "equity and good conscience" to permit this litigation against BAC by Plaintiff; and (ix) BAC has been damaged by this litigation.

---

[1] On or about May 14, 2015, Swiss Grill Group Limited became the sole member of Swiss. This membership changed removed the former lone manager and replaced him with a new manager.

Honorable Paul G. Gardephe
September 17, 2015
Page 3

BAC's second Counterclaim is almost indistinguishable from the first as it asserts primarily the same allegations. To paraphrase, it alleges that (i) Plaintiff instituted this litigation for the purpose of recovering money from BAC and Swiss for money Swiss promised to Plaintiff based upon sale to BAC; (ii) BAC has determined that most of the Goods are unfit for resale as they were received in an untimely fashion, rendering them mostly outside the season for such goods; (iii) BAC was in the process of attempting to return the Goods to Swiss for a refund when Plaintiff "stepped in;" (iv) BAC has been harmed by the actions of Plaintiff interfering with its contract with Swiss; (v) Plaintiff's institution of this litigation, to prevent BAC from returning the Goods to Swiss is frivolous conduct against BAC; (vi) the action has no legitimate aim, as to the aim is to prevent BAC from returning Goods unsold, and that BAC received in an untimely manner, and in breach of the contract between BAC and Swiss; and (vii) Plaintiff is liable for the institution of frivolous litigation against BAC.

On August 26, 2015, the Court entered a stipulation extending Plaintiff's time to answer or otherwise respond to the Counterclaims until October 1, 2015. On September 11, 2015, due to Swiss' failure to respond to the Complaint, Plaintiff filed a request to enter default.

Plaintiff now intends to file a motion to dismiss pursuant to FRCP 12(b)(6) and hereby respectfully requests that the Court conduct a pre-motion conference in accordance with Your Honor's Individual Rules of Practice.

### Basis for Motion to Dismiss

The Counterclaims do not state a claim for which relief can be granted. Accordingly, the Counterclaims should be dismissed pursuant to FRCP 12(b)(6).

### Legal Standard

When ruling on a motion to dismiss pursuant to FRCP 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Salavani v. ADVFN PLC, 50 F.Supp.3d 459, 470 (S.D.N.Y. 2014) (citing Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)). The Court is not required, however, to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Iqbal, 556 U.S. at 681 (citing Twombly, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." Id. FRCP 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79. If the plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

Honorable Paul G. Gardephe
September 17, 2015
Page 4

### The Counterclaims Should be Dismissed Pursuant to FRCP 12(b)(6)

The Counterclaims, at their core, allege that the Plaintiff is somehow interfering with BAC's return of the Goods to Swiss and that this litigation is without justification. The allegations made are mere conclusory statements, are contrary to well-established law and are wholly without merit.

As a preliminary matter, the Court must take notice of the fact that contrary to the allegations by BAC, Plaintiff has taken no action to enjoin BAC from returning the Goods to Swiss. Plaintiff is without power or capacity to prevent BAC from returning the Goods to Swiss and/or interfere with its decision to do so. While Plaintiff might object to the return of Goods and, in fact, has repeatedly advised BAC that its return of the Goods is not a remedy available to it under the Uniform Commercial Code, those actions are not somehow a legal wrong for which BAC is entitled to redress. The Counterclaims fail to allege how Plaintiff is empowered to prevent the return of the Goods or, as a matter of fact, has actually prevented same. BAC's causes of action on this theory cannot proceed.

Further, the within action has a "legitimate aim" and is not against "equity and good conscience" as alleged in the Counterclaims. Plain and simple, Plaintiff is acting upon its rights as the secured creditor and assignee of Swiss. Swiss shipped the Goods to BAC, BAC received and accepted the Goods, and failed to remit payment. The failure of BAC to pay Plaintiff, as assignee for Swiss, for goods shipped is a breach of contract. Therefore, such an action is not "process without justification or excuse" as alleged by BAC in the Counterclaims.

In addition, BAC's Counterclaims fail under an analysis of the New York Uniform Commercial Code. BAC accepted the Goods under N.Y. U.C.C. § 2-606. BAC failed to make an effective rejection and has acted inconsistent with Swiss's ownership by actually selling a substantial amount of the Goods (BAC has additionally failed to remit the monies it received from these sales). See N.Y. U.C.C. § 2-606(1)(b), (c). Due to BAC's acceptance of the Goods, it cannot reject the Goods pursuant to N.Y. U.C.C. § 2-602. See N.Y. U.C.C. § 2-607. The suggestion that BAC is entitled to relief as a result of its right to reject at this stage fails as a matter of law. BAC is also not permitted to revoke acceptance of the Goods as the Goods are not non-conforming. See N.Y. U.C.C. § 2-608. Contrary to its assertions in the Counterclaims, the Goods are conforming evidenced by the fact that BAC has sold, and continues to sell, some of them. Further, such revocation has not occurred in a reasonable amount of time; the Goods were delivered in May 2015 and it is now September.

In sum, the Counterclaims fail to state a claim for which relief can be granted. The Complaint contains allegations founded in law and contract. This matter involves valid contract claims and arises under the provisions of the New York Uniform Commercial Code. The Counterclaims fail to state a claim for which relief can be granted and should be dismissed under FRCP 12(b)(6). Plaintiff should not be burdened with the obligation to defend baseless claims.

Honorable Paul G. Gardephe
September 17, 2015
Page 5

## Conclusion

Based upon the foregoing, Plaintiff respectfully requests that the Court conduct a pre-motion conference. To the extent the Court grants Plaintiff's request, Plaintiff respectfully requests that it be permitted to appear telephonically for the conference.

In addition, counsel to BAC is aware that Plaintiff will be pursuing a motion to dismiss. Plaintiff, however, does not have consent from counsel to BAC or Swiss to file the anticipated motion.

Thank you for the Court's consideration.

Respectfully submitted,

/s/ Ross J. Switkes

Ross J. Switkes

cc: William J. Better, Esq., counsel for BAC Sales, Inc. (via e-mail, ECF, and regular mail)
Gerry D. Silver, Esq., counsel for Swiss Grills International, LLC (via e-mail and regular mail)

4852-6120-7848, v. 1