William J. Better, Esq.
betterlaw@berk.com

**WILLIAM J. BETTER, P.C.**
1 ALBANY AVENUE
KINDERHOOK, NY  12106
Telephone 518-758-1511
Facsimile  518-758-1227

N. Daniel Reeder, Esq.
njrbetterlaw@fairpoint.net
Also admitted to practice in the
Commonwealth of Virginia

September 21, 2015

**VIA ECF & FACSIMILE TO (212) 805-7986**
The Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

RE:              International Trade Finance, LLC v. BAC Sales, Inc., et al.
Civil Action No.:    1:15-cv-05615

Dear Judge Gardephe:

      This firm represents Defendant/Cross-Plaintiff/Counterclaimant BAC Sales, Inc. (hereinafter "BAC"). In the above-referenced matter.  In compliance with the Individual Rules of Practice promulgated by Your Honor, this office respectfully writes to you to object to the letter requesting a Pre-Motion Conference by Plaintiff International Trade Finance, LLC (hereinafter "Plaintiff") regarding a potential Motion to Dismiss under FRCP Rule 12(b).

## STATEMENT OF FACTS

      BAC Sales, Inc. is a distributor of pellet grills and other hearth and grill products.  They supply approximately a thousand dealers in the northeastern United States, New England, and the Mid-Atlantic Region.

      On or about November 4, 2014, BAC ordered goods from Defendant Swiss Grills International, LLC (hereinafter "Swiss" or "Defendant").  Prior to that purchase, BAC had a credit of approximately $30,000.00.  The goods were valued, at that time, at approximately $257,679.00, and Defendant was instructed that BAC needed the goods for the upcoming sales season, which would begin in approximately February 2015.  The goods were delivered approximately three (3) months late, in the middle of May, 2015.  BAC was inundated with goods that it, largely, could not sell, because the goods were already out of season.  In attempting to mitigate the damages before rejecting the goods, BAC did manage to sell approximately $48,000.00 of the goods, but was preparing to return the goods, which arrived approximately one quarter of one year late.

      Plaintiff, a subsidiary of Riviera Finance of Texas, Inc. (hereinafter "Riviera"), and Defendant's factor, threatened to file suit against BAC over unpaid invoices that Plaintiff was

assigned by Defendant.  BAC, at that time, withheld payments as it was deciding as to whether it would partially reject the goods, as Defendant not only was extremely late in delivering the goods to BAC, but was refusing to answer any warranty claims on the telephone line designated for such.

When BAC instructed Plaintiff and Swiss that it was intending to return the goods, and thus removing from themselves the burden of the debt, Plaintiff and Swiss not only vocally objected to the same, but directed BAC not to return the goods.  In the meantime, Plaintiff filed the instant lawsuit, and is seeking damages from both Defendant and BAC.

On August 11, 2015, BAC filed the instant answer, cross-claims, and counterclaims, alleging, *inter alia*, counterclaims against Plaintiff on the basis of abuse of process and frivolous litigation.  BAC had been attempting to settle this matter prior to the filing of the instant lawsuit, but was blocked at every turn from settling this matter.  Defendant has largely been unreachable during this matter, but a settlement had been worked out whereby BAC would return the goods not sold, and issue a check to Plaintiff.  That was acceptable, prior to the filing of the instant lawsuit, and would relieve the pressure from BAC, while still maintaining Defendant's obligation to Plaintiff.  This settlement was deemed unacceptable when Plaintiff decided to file the instant lawsuit, and, though the settlement was informal, and had not yet been signed, BAC was expecting to move forward with the settlement, and relieve the pressure on itself.  This avenue was foreclosed once the lawsuit was instituted, and BAC was threatened with a lawsuit by Riviera for significant sums against BAC should BAC return the goods, thus forcing BAC to pay for the merchandise twice, in that it would pay for goods of which it was no longer seized of possession.

In effect, Riviera, the parent of Plaintiff, has prevented BAC from returning its goods, as it is well entitled to do, based on the extremely late delivery from Defendant, less any amount from goods sold to mitigate the damages.  BAC's counterclaims against Plaintiff were instituted because it is apparent that Plaintiff is insistent on obtaining money from BAC in whatever way it can, legitimate or illegitimate.  Plaintiff has repeatedly failed to negotiate in good faith with BAC, and has filed suit, without cause, provocation, or justification, with the attempt to maliciously harm BAC.  Even assuming, *arguendo*, that Plaintiff has a legitimate claim against BAC, the instant lawsuit was plainly filed for the purposes of harassing BAC into paying a sum of money for goods it was attempting to return, because they could not sell those goods.  Moreover, the reason that BAC could not sell these goods was because of Defendant's gross delay in shipping the same to BAC.  BAC was further prevented from returning the goods by threat of a lengthy, and hefty lawsuit by Plaintiff or Plaintiff's parent company.

BAC wholly opposes the Plaintiff's desire to file a dismissal motion under FRCP 12(b), and seeks a conference prior to filing the motion, in accordance with Your Honor's Individual Rules of Practice.

### **PLAINTIFF'S ARGUMENT LACKS MERIT AND FACTUAL SUPPORT**

The Counterclaims have been pleaded with sufficient particularity to raise a triable issue of fact, and Plaintiff's averment that a motion pursuant to FRCP 12(b) is wholly without merit.  As such, not only should This Court deny any motion filed, but This Court should refuse to permit filing of such motion, and should deny the request for a pre-motion conference.

## *LEGAL STANDARD*

BAC does not dispute the standard for defining what is required when pleading a matter in the Federal Courts.  The standard under *Ashcroft v. Iqbal* is without question.  Notably, however, the pleading standard is low.  All that is required is that the facts pleaded plausibly state a claim, when taken as true.  A plaintiff need not plead all facts, but must only plead enough that it has "nudged [its] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570.  The claims must be based on more than recitations of the cause of action, but they must be pleaded with sufficient facts to make the claim plausible.

## *THE COUNTERCLAIMS ARE SUFFICIENTLY PLEADED THAT THEY SHOULD SURVIVE A DISMISSAL MOTION PURSUANT TO FRCP 12(b)(6)*

In the case *sub judice*, BAC has pleaded sufficient facts to make claims of abuse of process and frivolous litigation against Plaintiff.  BAC has pleaded that it was in the process of both mitigating damages, as required under the Uniform Commercial Code, and also partially rejecting the goods, which were non-conforming as they were not delivered in a timely fashion.

BAC did not accept all of the goods, but only those goods that could be used for the mitigation of damages.  BAC is entitled, under the Uniform Commercial Code, to accept only part of the goods.  N.Y. U.C.C. §601(c).  All that is required, therefore, for returning the goods, is that BAC seasonably notify Defendant of its desire to partially reject the goods.  As two months, and only two months, passed between the significantly tardy delivery of these goods, and the initial attempt to reject these goods.  As a result, BAC was within its rights to reject the goods it could not sell because of Defendant's failure to deliver these goods until more than a quarter of a year after the date that BAC needed the goods.

BAC wishes to reject these goods, in accordance with its right to do the same.  Plaintiff was advised that BAC wished to reject some of the goods.  In response, Riviera, Plaintiff's parent company issued an email threatening significant litigation should the goods be returned.  When it became clear that BAC was planning to return the goods, and that no settlement was to be forthcoming from Defendant, Plaintiff filed the instant lawsuit, and has consistently refused to allow BAC to partially reject the goods.

Even assuming that Plaintiffs can raise a claim for breach of contract, BAC still has the right to bring counterclaims for abuse of process and frivolous litigation.  Even if a claim has merit, the issuance of process may still be abusive, and litigation may still be frivolous.  Under New York law, process is abused when it is issued for illegitimate purposes, with intent to obtain a collateral objective.  *Vlach v. Staiano*, 604 Fed. Appx. 77 (2nd Cir., 2015); *Olivier v. Robert L. Yeager Mental Health Ctr.*, 396 F.3d 183, 189 (2nd Cir., 2005).  Here, the process was, it appears, issued solely for the purpose of obtaining money from BAC.  No other inference is reasonable, when taken with the fact that Plaintiff has repeatedly threatened BAC with significant litigation should BAC reject, or attempt to reject, even part of the goods.  As such, process was abused in this matter.  Additionally, litigation is frivolous, even when it contains legitimate causes of action, in the instance where the objective of the litigation is not legitimate.  22 NYCRR §130-1.1(c)(2).  In this case, it is plain from the pleadings by BAC that all that Plaintiff desires is money.  For this reason, the claims against BAC are frivolous.  The apparent goal is to prevent BAC from exercising its right to partially reject the goods, and require BAC to pay significant sums of money to Plaintiff.  This is further supported by the fact that

Defendant has been fairly silent, and has refused to respond.  Plaintiff seems to be aware that it cannot get the money from Defendant, so it is seeking the money from BAC in Defendant's stead.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's request for a conference, and its request for permission to file a dismissal motion should be denied.  Plaintiff's motion is supported neither by fact nor by law.  As such, this whole step should be denied.

Thank you for the Court's consideration.

Sincerely,

   **/s/ William J. Better, Esq.**

William J. Better, Esq.

cc:    Ross J. Switkes, Esq. (counsel for Plaintiff) (via ECF, email, and regular mail)
       Gerry D. Silver, Esq. (counsel for Defendant Swiss Grills International, LLC) (via ECF,
           email, and regular mail)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL TRADE FINANCE, LLC, | |
| Plaintiff; | Civil Action No: 1:15-cv-05615 |
| v. | **CERTIFICATE OF SERVICE** |
| BAC SALES, INC., and SWISS GRILLS INTERNATIONAL, LLC, | |
| Defendants. | |

### *CERTIFICATE OF SERVICE*

I, William J. Better, Esq., hereby certify that I am one of the attorneys for Defendant BAC Sales, Inc., and that on September 21, 2015, I caused a true and complete copy of **a LETTER TO JUDGE GARDEPHE**, addressed to an address designated by a person for that purpose, to be properly and securely enclosed in a sealed envelope for delivery, via U.S. Mail, from William J. Better, P.C. to the following, and a courtesy copy was electronically mailed to the same:

Ross J. Switkes, Esq.
Trenk, DiPasquale, and Webster
347 Mount Pleasant Avenue
#300
West Orange, New Jersey 07052

and

Gerry D. Silver
Sullivan & Worcester
1633 Broadway
New York, New York 10019

Signed, this twenty-first day of September, 2014

_____/s/William J. Better_____